IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. CR-13-63-F |
| ) | |
| MAXIMILLIAN McLAREN, ) | |
| ) | |
| Defendant. ) | |

**PLEA AGREEMENT**

**Introduction**

1. This document, in conjunction with a Supplement filed contemporaneously under seal, contains the entire plea agreement between defendant, Maximillian McLaren, and the United States through its undersigned attorney. No other agreement or promise exists, nor may any additional agreement be entered into unless in writing and signed by all parties. Any unilateral modification of this agreement is hereby rejected by the United States. This agreement applies only to the criminal violations described and does not apply to any civil matter or any civil forfeiture proceeding except as specifically set forth. This agreement binds only the United States Attorney's Office of the Western District of Oklahoma and does not bind any other federal, state or local prosecuting, administrative or regulatory authority. If defendant does not accept the terms of this agreement by May 1, 2016, the offer is withdrawn.

### Guilty Plea

2.  Defendant agrees to enter a plea of guilty to a Superseding Information charging Accessory After the Fact to the underlying offense of Transmission of Gambling Information, in violation of 18 U.S.C. § 3. To be found guilty of violating 18 U.S.C. § 3, as charged in the Superseding Information, defendant must admit that: 1) the crime of Transmission of Wagering Information in violation of 18 U.S.C. § 1084 had been committed by a representative of Legendz Gaming Corp., (hereafter "Legendz") a corporation that was engaged in the business of betting and wagering; 2) the defendant knew that this crime had been committed and that a representative of Legendz had committed it; and, 3) the defendant thereafter intentionally received, relieved, comforted, or assisted representatives of Legendz to hinder and prevent Legendz' apprehension, trial, or punishment for the crime of Transmission of Wagering Information in violation of 18 U.S.C. § 1084.

The essential elements of the underlying crime of Transmission of Wagering Information in violation of 18 U.S.C. § 1084 are: 1) Legendz was engaged in the business of betting or wagering information on a sporting event; 2) that Legendz participated in a wire communication in which information assisting the placing of bets was transmitted; and, 3) that the wire communication in question was made across state lines or from the United States to a foreign country.

## Maximum Penalty, Restitution and Special Assessments

3. Title 18, United States Code, § 3, sets the maximum penalty for accessory after the fact at one-half the maximum term of imprisonment prescribed for the punishment of the principal offense – Transmission of Wagering Information in violation of 18 U.S.C. § 1084. Because the maximum sentence for Transmission of Wagering Information in violation of 18 U.S.C. § 1084 is a two year term of imprisonment, the maximum penalty for this accessory after the fact offense that could be imposed as a result of this plea is 1 (one) year imprisonment or a fine of $125,000.00, or both such fine and imprisonment, as well as a mandatory special assessment of $25.00, and a term of supervised release of one (1) year. 18 U.S.C. §§ 3559(a)(6), 3571(b)(5), and 3583(b)(3). Pursuant to 18 U.S.C. § 3559(a)(6), the defendant is pleading guilty to a Class A misdemeanor offense.

In addition to the punishment described above, a plea of guilty can affect immigration status. If defendant is not a citizen of the United States, the effect of a guilty plea may result in deportation and removal from the United States, may prevent him from ever lawfully reentering or remaining in the United States, and may result in the denial of naturalization.

4. In addition, the Court must order the payment of restitution to the victim(s) of the offense. Pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A, the parties further agree that, as part of the sentence resulting from the defendant's plea, the Court

will enter an order of restitution to all victims of the defendant's relevant conduct as determined by reference to the United States Sentencing Guidelines.

5. Defendant agrees to pay the special assessment due the United States to the Office of the United States Court Clerk immediately following sentencing. Defendant understands that any fine or restitution ordered by the Court is immediately due unless the Court provides for payment on a date certain or in installments.

6. For certain statutory offenses, the Court must also impose a term of supervised release, which defendant will begin to serve after being released from custody. For all other offenses, the court may impose a term of supervised release to be served following release from custody. During the term of supervised release, defendant will be subject to conditions that will include prohibitions against violating local, state or federal law, reporting requirements, restrictions on travel and residence, and possible testing for controlled substance use. If defendant violates the conditions of his supervised release, the Court may revoke his supervised release, and sentence him to an additional term of imprisonment. This additional term of imprisonment would be served without credit for the time defendant successfully spent on supervised release. When combined, the original term of imprisonment and any subsequent term of imprisonment the Court imposes may exceed the statutory maximum prison term allowable for the offense.

## **Sentencing Guidelines**

7. This agreement is entered into under Federal Rule of Criminal Procedure 11(c)(1)(C). The parties agree that a sentence of one-year of probation is the appropriate disposition of this case and that the defendant will pay a fine of $100,000.00.

The parties understand that the Court may accept or reject this Rule 11(c)(1)(C) plea or may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence investigation report, as provided in Rule 11(c)(3)(A).  If the defendant does not receive a sentence of one-year of probation and a fine of $100,000.00, the defendant or the government can declare this agreement null and void.

The parties acknowledge that 18 U.S.C. § 3553(a) directs the Court to consider certain factors in imposing sentence, including the Sentencing Guidelines promulgated by the United States Sentencing Commission.  Consequently, although the parties recognize that the Sentencing Guidelines are only advisory, they have entered into certain stipulations and agreements with respect to the Guidelines.  Based upon the information that is known to the parties on the date this agreement is executed, they expect to take, but are not limited to, the following positions at sentencing:

      a.      The parties agree that the defendant should receive a two-level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), if he commits no further crimes, does not falsely deny or frivolously contest relevant conduct, and fully complies with all of the other terms of this agreement.

Apart from any expressed agreements and stipulations, the parties reserve the right to advocate for, and present evidence relevant to, other guideline adjustments and sentencing factors for consideration by the U.S. Probation Office and the Court.

### Waiver of Right to Appeal and Bring Collateral Challenge

8.      Defendant understands that the Court will consider those factors in 18 U.S.C. § 3553(a) in determining his sentence.  Defendant further understands that 28

U.S.C. § 1291 and 18 U.S.C. § 3742 give him the right to appeal the judgment and sentence imposed by the Court. Acknowledging all this, and in exchange for the promises and concessions made by the United States in this plea agreement, defendant knowingly and voluntarily waives the following rights:

    a.    Defendant waives his right to appeal his guilty plea, and any other aspect of his conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

    b.    If the defendant receives a sentence of probation, he waives his right to appeal his sentence, including any restitution, and the manner in which the sentence is determined;

    c.    Defendant waives his right to collaterally challenge or move to modify (under 28 U.S.C. § 2255, 18 U.S.C. § 3582(c)(2), or any other ground) his conviction or sentence, including any restitution, except with respect to claims of ineffective assistance of counsel.

9.    If the defendant receives a sentence of probation, the United States agrees to waive its right under 18 U.S.C. § 3742 to appeal the sentence imposed by the Court and the manner in which the sentence was determined.

### Waiver of Claim to Prevailing Party Status

10.    Defendant expressly acknowledges that he is not a prevailing party within the meaning of 18 U.S.C. § 3006A with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. If defendant is represented by retained counsel, he voluntarily, knowingly, and intelligently waives any

rights he may have to seek reasonable attorney's fees and other litigation expenses under 18 U.S.C. § 3006A.

## Obligations of Defendant

11. Defendant shall commit no further crimes. It is understood that, should defendant commit any further crimes or should it be determined that he has knowingly given false, incomplete, or misleading testimony or information, or should he otherwise violate any provision of this agreement, the United States may declare this agreement null and void and prosecute defendant for any and all his federal criminal violations, including perjury and obstruction of justice. Any such prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be brought against defendant, notwithstanding the expiration of the statute of limitations between the signing of this agreement and the commencement of such prosecution. Defendant hereby waives all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this agreement is signed.

## The Obligations of the United States

12. If defendant enters a plea of guilty as described above and fully meets all obligations under this agreement, the United States will move to dismiss at sentencing the Indictment [Doc. 1] and Superseding Indictment [Doc. 354] as to the defendant and he will not be further prosecuted by the United States Attorney's Office for the Western District of Oklahoma or the Organized Crime and Gang Section of the United States Department of Justice for any crimes related to his participation in the

7

affairs of Legendz Gaming Corp., during the period from about 2003 through about April 2013. This agreement does not provide any protection against prosecution for any crime not specifically described above.

## Signatures

13. By signing this agreement, defendant acknowledges that he has discussed its terms with his attorney and understands and accepts those terms. Further, defendant acknowledges that this document, in conjunction with the Plea Supplement filed contemporaneously under seal, contains the only terms of the

agreement concerning his plea of guilty in this case, and that there are no other deals, bargains, agreements, or understandings which modify or alter these terms.

Dated this 26 day of April, 2016.

**APPROVED:**

MARK A. YANCEY
Acting United States Attorney

_____
CHRIS M. STEPHENS
Deputy Chief, Criminal Division

_____
TRAVIS D. SMITH
Assistant U.S. Attorney
Western District of Oklahoma
210 Park Avenue, Ste. 400
Oklahoma City, Oklahoma 73102
(405) 553-8700 (Office)
(405) 553-8888 (Fax)

JOHN HAN
Trial Attorney
Organized Crime and Gang Section
U.S. Department of Justice

_____
MAXIMILLIAN McLAREN
Defendant

_____
JUAN CHARDIET
Attorney for Maximillian McLaren